IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JOHNNIE E. WATTS, #133 661 | * |
| Plaintiff, | * |
| v. | *   2:05-CV-9-MHT |
| | (WO) |
| DANNY RIEBEN, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The instant 42 U.S.C. § 1983 action was filed with this court on January 10, 2005.[1] On February 8, 2005 the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address as all parties have an affirmative duty to inform this court of any address changes during the pendency of their actions. (Doc. No. 9.)

The court recently determined that Plaintiff is no longer housed at the Elmore County Jail which is the last known address the court has on file for Plaintiff. Consequently, an order was entered on August 14, 2006 directing Plaintiff to inform the court of his present mailing address. (*See* Doc. No. 30.) Plaintiff was cautioned that his failure to comply with the court's August 14 order would result in a recommendation that this case be dismissed. (*Id*.)

---

[1] Plaintiff originally filed his complaint on September 20, 2004 in the United States District Court for the Southern District of Alabama. By order entered January 4, 2005 the case was transferred to this court for review and disposition.

On August 18, 2006 the envelope containing Plaintiff's copy of the court's August 14, 2006 order was returned to the court marked as "undeliverable; return to sender - not here." As it appears clear that Plaintiff is no longer residing at the most recent address he provided to the court, and that he has not provided this court with a new address, the undersigned concludes that dismissal of the complaint at this juncture is appropriate.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **September 6, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of August, 2006.

                                                  /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE